UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON,
SEATTLE DIVISION

| | |
|---|---|
| LOUIS SCARANTINO, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ONVIA, INC., D. VAN SKILLING, JEFFREY C. BALLOWE, JAMES L. BRILL, ROGER L. FELDMAN, RUSS MANN, GEORGE I. STOECKERT, PROJECT DIAMOND INTERMEDIATE HOLDINGS CORP., PROJECT OLYMPUS MERGER SUB, INC., and DELTEK, INC.,<br><br>Defendants. | NO. 2:17-1601<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND** |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on October 5, 2017 (the "Proposed Transaction"), pursuant to which Onvia, Inc. ("Onvia" or the "Company") will be acquired by Project Diamond Intermediate Holdings Corp.

1  ("Parent") and its wholly-owned subsidiary, Project Olympus Merger Sub, Inc. ("Merger Sub"), which are affiliates of Deltek, Inc. ("Guarantor," and together with Parent and Merger Sub, "Deltek").

2. On October 4, 2017, Onvia's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Deltek. Pursuant to the terms of the Merger Agreement, Deltek commenced a tender offer, which is scheduled to expire on November 16, 2017, to acquire all of the Company's outstanding shares of common stock for $9.00 per share in cash.

3. On October 19, 2017, defendants filed a Schedule 14D-9 Solicitation/Recommendation Statement (the "Solicitation Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4. The Solicitation Statement omits material information with respect to the Proposed Transaction, which renders the Solicitation Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Solicitation Statement.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391 because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

**PARTIES**

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Onvia common stock.

9. Defendant Onvia is a Delaware corporation and maintains its principal executive offices at 509 Oliva Way, Suite 400, Seattle, Washington 98101. Onvia's common stock is traded on the NasdaqCM under the ticker symbol "ONVI."

10. Defendant D. Van Skilling ("Skilling") has served as a director of Onvia since November 2004, and as Chairman of the Board since November 2010.

11. Defendant Jeffrey C. Ballowe ("Ballowe") has served as a director of Onvia since December 1999.

12. Defendant James L. Brill ("Brill") has served as a director of Onvia since March 2004.

13. Defendant Roger L. Feldman ("Feldman") has served as a director of Onvia since March 2004.

14. Defendant Russ Mann ("Mann") has served as a director, President, and Chief Executive Officer ("CEO") of Onvia since January 2017.

15. Defendant George I. Stoeckert ("Stoeckert") has served as a director of Onvia since June 2015.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17. Defendant Guarantor is a Delaware corporation, an affiliate of Parent and Merger Sub, and has guaranteed all of Parent's and Merger Sub's obligations under the Merger Agreement.

18. Defendant Parent is a Delaware corporation, the sole stockholder of Guarantor, and a party to the Merger Agreement.

19.     Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

20.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Onvia (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

21.     This action is properly maintainable as a class action.

22.     The Class is so numerous that joinder of all members is impracticable.  As of October 17, 2017, there were 7,322,893 shares of Onvia common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

23.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

24.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class.  Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

25.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

26. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## **SUBSTANTIVE ALLEGATIONS**

*Background of the Company*

27. Onvia is the leader in sales intelligence and acceleration for businesses selling to the public sector. Onvia provides enterprise, mid-market, and small business customers with the most comprehensive set of federal, state, and local government contracting leads. Clients grow their sales pipeline with access to bids, requests for proposals, and future spending data, along with agency contacts, competitor information, and market analytics.

28. The Company is a leading commerce intelligence company in the business-to-government ("B2G") marketplace. Since its incorporation in 2000, the Company has developed domain expertise and advanced technologies to curate data on millions of exchanged contracts, agencies and decision makers, vendors and channels, projects and investment plans, awards records and market trends.

29. Onvia's B2G Intelligence System ("B2GIS") delivers quality leads, process agility, and strategic foresight, equipping companies of all sizes to grow their public sector business and help government agencies gain procurement efficiency. B2GIS applies advanced data science and search technologies to transform unstructured government contracting data into meaningful commerce intelligence for buyers and sellers. Businesses leverage this system to increase their sales pipeline, pursue opportunities and make strategic decisions. Government agencies employ the B2GIS to improve process transparency and efficiency, identify potential suppliers, and to meet their fiduciary responsibilities to their constituents.

*The Solicitation Statement Omits Material Information, Rendering It False and Misleading*

30.  Defendants filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.

31.  The Solicitation Statement omits material information regarding the Proposed Transaction, which renders the Solicitation Statement false and misleading.

32.  First, the Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by the Company's financial advisor in connection with the Proposed Transaction, GCA Advisors, LLC ("GCA").

33.  The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

34.  According to the Solicitation Statement, in performing its Discounted Cash Flow Analysis, GCA used the Company's "cash flows projected through calendar year 2020." The defendants, however, failed to (but must) disclose the Company's cash flow projections, as well as the line item projections used to calculate those cash flows, in the Solicitation Statement.

35.  With respect to GCA's Discounted Cash Flow Analysis, the Solicitation Statement fails to disclose: (i) the Company's projected "cash flows" for years 2017 through 2020, and the line item projections used to calculate those cash flows; (ii) whether GCA's analysis accounted for the Company's net operating loss

1  carryforwards, and if so, the amount of those net operating loss carryforwards, and if
2  not, the reason the analysis does not; (iii) the specific inputs and assumptions
3  underlying the discount rate range of 17.5% to 22.5% selected by GCA in its analysis;
4  and (iv) the perpetuity growth rate range implied by GCA's analysis.

5  36. With respect to GCA's Comparable Company Analysis, the Solicitation
6  Statement fails to disclose the individual multiples and financial metrics for each of the
7  companies observed by GCA in the analysis.

8  37. With respect to GCA's Comparable Transactions Analysis, the
9  Solicitation Statement fails to disclose the individual multiples and financial metrics for
10 each of the transactions observed by GCA in the analysis.

11 38. The omission of this material information renders the Solicitation
12 Statement false and misleading, including, *inter alia*, the following sections of the
13 Solicitation Statement: (i) "Opinion of the Company's Financial Advisor;" and (ii)
14 "Certain Company Forecasts."

15 39. The Solicitation Statement omits material information relating to potential
16 conflicts of interest of GCA. Full disclosure of investment banker compensation and all
17 potential conflicts is required due to the central role played by investment banks in the
18 evaluation, exploration, selection, and implementation of strategic alternatives.

19 40. Specifically, the Solicitation Statement states: "The aggregate fee
20 payable to GCA Advisors in connection with the Transactions is $1.5 million, the
21 substantial majority of which is contingent upon the successful consummation of the
22 Offer. A portion of the fee also became payable upon delivery of GCA Advisors'
23 fairness opinion on October 4, 2017." The Solicitation Statement must disclose the
24 amount of compensation that is contingent upon consummation of the Proposed
25 Transaction. This information is necessary to allow the Company's stockholders to
26 assess for themselves whether, and to what extent, GCA was incentivized to ensure
27 that the Proposed Transaction was consummated by issuing a favorable fairness

CLASS ACTION COMPLAINT - 7

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

opinion.

41. Further, the Solicitation Statement states that "GCA Advisors has not, at any time, provided financial advisory services for Parent," but it fails to disclose whether GCA has provided any services to Parent's affiliates, including Guarantor, in the past.

42. The omission of this material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following sections of the Solicitation Statement: (i) "Opinion of the Company's Financial Advisor;" and (ii) "Background of the Offer; Reasons for the Recommendation of the Board."

43. The Solicitation Statement omits material information regarding potential conflicts of interest of the Company's executive officers.

44. The Solicitation Statement currently states that, [a]s of the date of this Schedule 14D-9, none of the Company's executive officers has entered into a new employment arrangement or agreement with Parent or any of its subsidiaries." However, in the joint press release announcing the Proposed Transaction, the Company's CEO, Individual Defendant Mann, stated that, "[a]s part of Deltek, we intend to focus on innovating and expanding our data and product offerings, which will benefit our customers, employees and partners," thus implying that Mann and potentially other Company employees will continue to be employed following the close of the Proposed Transaction.

45. The Solicitation Statement must disclose the timing and nature of all communications regarding future employment of Onvia's officers, including who participated in all such communications. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders. Moreover, this information is necessary regardless of whether those

discussions did or did not result in a formal agreement on the terms of post-merger employment.

46. The omission of this material information renders the Solicitation Statement false and misleading, including, *inter alia*, the following sections of the Solicitation Statement: (i) "Arrangements Between the Company and Parent, Purchaser and Deltek;" and (ii) "Background of the Offer; Reasons for the Recommendation of the Board."

47. The Solicitation Statement omits material information regarding the background of the Proposed Transaction. The Company's stockholders are entitled to an accurate description of the process the directors used in coming to their decision to support the Proposed Transaction.

48. The Solicitation Statement indicates that the Company entered into a non-disclosure agreement, which contained a "standstill" provision, with "Party A," and that the Company "negotiated and executed 14 additional non-disclosure agreements with prospective bidders" between July 14 and August 16, 2017. The Solicitation Statement, however, fails to disclose whether those 14 additional non-disclosure agreements contain standstill provisions, and whether any of the non-disclosure agreements contain "don't ask, don't waive" provisions that are or were preventing those counterparties from requesting a waiver of the standstill provisions so that they can submit a superior offer to acquire the Company. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

49. The omission of this material information renders the "Background of the Offer; Reasons for the Recommendation of the Board" section of the Solicitation Statement false and misleading.

50. The above-referenced omitted information, if disclosed, would

significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

**(Claim for Violation of Section 14(e) of the 1934 Act Against Defendants)**

51. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52. Section 14(e) of the 1934 Act states, in relevant part, that:

> It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

53. Defendants disseminated the misleading Solicitation Statement, which contained statements that, in violation of Section 14(e) of the 1934 Act, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not misleading.

54. The Solicitation Statement was prepared, reviewed, and/or disseminated by defendants.

55. The Solicitation Statement misrepresented and/or omitted material facts in connection with the Proposed Transaction as set forth above.

56. By virtue of their positions within the Company and/or roles in the process and the preparation of the Solicitation Statement, defendants were aware of this information and their duty to disclose this information in the Solicitation Statement.

57. The omissions in the Solicitation Statement are material in that a reasonable shareholder will consider them important in deciding whether to tender their shares in connection with the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available.

58. Defendants knowingly or with deliberate recklessness omitted the

BRESKIN | JOHNSON | TOWNSEND PLLC
1000 Second Avenue, Suite 3670
Seattle, Washington 98104  Tel: 206-652-8660

1  material information identified above in the Solicitation Statement, causing statements
2  therein to be materially incomplete and misleading.

3  59.  By reason of the foregoing, defendants violated Section 14(e) of the
4  1934 Act.

5  60.  Because of the false and misleading statements in the Solicitation
6  Statement, plaintiff and the Class are threatened with irreparable harm.

7  61.  Plaintiff and the Class have no adequate remedy at law.

## COUNT II

**(Claim for Violation of 14(d) of the 1934 Act Against Defendants)**

62.  Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63.  Section 14(d)(4) of the 1934 Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

64.  Rule 14d-9(d) states, in relevant part:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

Item 8 requires that directors must "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

65.  The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Solicitation Statement false and/or misleading.

66.  Defendants knowingly or with deliberate recklessness omitted the

1  material information set forth above, causing statements therein to be materially
2  incomplete and misleading.

3      67.    The omissions in the Solicitation Statement are material to plaintiff and
4  the Class, and they will be deprived of their entitlement to make a fully informed
5  decision with respect to the Proposed Transaction if such misrepresentations and
6  omissions are not corrected prior to the expiration of the tender offer.

7      68.    Plaintiff and the Class have no adequate remedy at law.

## **COUNT III**

### **(Claim for Violation of Section 20(a) of the 1934 Act Against the Individual Defendants and Deltek)**

69. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

70. The Individual Defendants and Deltek acted as controlling persons of Onvia within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Onvia and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

71. Each of the Individual Defendants and Deltek was provided with or had unlimited access to copies of the Solicitation Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

72. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions

giving rise to the violations as alleged herein, and exercised the same. The Solicitation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly connected with and involved in the making of the Solicitation Statement.

73. Deltek also had direct supervisory control over the composition of the Solicitation Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Solicitation Statement.

74. By virtue of the foregoing, the Individual Defendants and Deltek violated Section 20(a) of the 1934 Act.

75. As set forth above, the Individual Defendants and Deltek had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.

76. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

77. Plaintiff and the Class have no adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays for judgment and relief as follows:

A. Enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to file a Solicitation Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

    D.    Declaring that defendants violated Sections 14(e), 14(d), and 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

    E.    Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

    F.    Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED this 27th day of October, 2017.

BRESKIN JOHNSON & TOWNSEND, PLLC

By: */s/ Roger M. Townsend*
    Roger Townsend, WSBA # 25525
    1000 Second Avenue, Suite 3670
    Seattle, Washington 98104
    206-652-8660 Phone
    206-652-8290 Fax
    rtownsend@bjtlegal.com

OF COUNSEL:

RIGRODSKY & LONG, P.A.

By: */s/ Brian D. Long*
    Brian D. Long
    2 Righter Parkway, Suite 120
    Wilmington, DE 19803
    302-295-5310
    BDL@rl-legal.com
*Attorneys for Plaintiffs*